IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 4, 2024

## RORY MILLS SULLIVAN v. ANNEMARIE CULP ALLEN, INDIVIDUALLY, AND AS TRUSTEE FOR THE TOMMY RAY ALLEN AND ANNEMARIE CULP ALLEN REVOCABLE TRUST ET AL.

**Appeal from the Probate Court for Shelby County**
**No. PR025495      Joe Townsend, Judge**

————————————————————

### No. W2023-01357-COA-R3-CV

————————————————————

This appeal follows the dismissal of a proceeding brought in probate court. Because we cannot discern the basis for the trial court's decision in the two orders that are at issue, we vacate both orders and remand for further proceedings consistent with this Opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Vacated and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and JOHN W. MCCLARTY, J., joined.

Carol A. Molloy, Fitchburg, Massachusetts, for the appellant, Rory Mills Sullivan.

Bryan M. Meredith and Jimmylee J. Hood, Memphis, Tennessee, for the appellee, Kenneth Lee, Trustee for the Tommy Ray Allen and Annemarie Culp Allen Revocable Trust.

## OPINION

This appeal concerns the dismissal of a proceeding brought by appellant Rory Mills Sullivan in the Probate Court of Shelby County ("the Probate Court"). Due to our disposition herein, only a brief recitation of the record is necessary.

When Mr. Sullivan filed his original petition in this matter, he sued Annemarie Culp Allen, both individually and in her capacity as trustee of The Tommy Ray Allen and Annemarie Culp Allen Revocable Trust ("the Trust"). However, Ms. Allen died shortly after Mr. Sullivan filed his petition. Thereafter, Mr. Sullivan filed an amended petition adding Kenneth Lee, as trustee for the Trust, as a defendant. In relevant part, Mr. Sullivan petitioned the Probate Court to remove Mr. Lee as trustee of the Trust, to set aside a sale

of property held by the Trust, and to request a conservatorship for the Estate of Ms. Allen.

Following the commencement of litigation against him, Mr. Lee filed an answer denying, among other issues, that Mr. Sullivan was entitled to any of the relief requested in his petition. Mr. Lee also filed a notice of deposition of Mr. Sullivan.

On July 10, 2023, Mr. Sullivan filed a motion requesting the removal of Mr. Lee as trustee and for the appointment of a substitute trustee ("Removal Motion"). Shortly thereafter, he filed a motion for protection requesting that the Probate Court quash Mr. Lee's attempts to depose him, asserting in part that the Removal Motion was a motion for judgment on the pleadings pursuant to Rule 12.03 of the Tennessee Rules of Civil Procedure. Mr. Lee then filed a response in opposition to both pending motions, contending that the Removal Motion relied upon an affidavit submitted by Mr. Sullivan and therefore could not be considered a motion for judgment on the pleadings.

Following a hearing, the Probate Court entered an order denying Mr. Sullivan's motion for protection and request to remove Mr. Lee as trustee, stating:

> This cause came to be heard on July 28, 2023 upon Petitioner Rory Mills Sullivan's Motion to Remove Trustee with a Concurrent Motion for the Appointment of a Substitute Trustee, and Motion for Protection. Based on the Motions, the Response filed by Respondent Kenneth Lee, and statements of counsel, the Court finds that the Motions should be denied as they fail to comply with the Tennessee Rules of Civil Procedure.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Petitioner's Rory Mills Sullivan's Motion to Remove Trustee with a Concurrent Motion for the Appointment of a Substitute Trustee and Motion for Protection are hereby denied.

The Probate Court provided no meaningful reasoning to support its determination, even failing to reveal any insight whatsoever as to what rules of civil procedure had supposedly not been complied with by Mr. Sullivan.

Subsequently, Mr. Sullivan filed a motion for summary judgment requesting the removal of Mr. Lee as trustee and appointment of a substitute trustee, and of note, Mr. Lee filed a motion requesting that the Probate Court set the case for trial. A hearing concerning Mr. Lee's motion to set the case for trial was heard on September 12, 2023, during which the Probate Court apparently determined *sua sponte* that Mr. Sullivan's action should be dismissed in its entirety. The court entered an order reflecting this determination, stating:

> This cause came to be heard on September 12, 2023 upon Respondent Kenneth Lee's Motion to Set Case for Trial. Based on the record as a whole,

the Court finds that there is no cause of action in this case properly before the Court pursuant to the Tennessee Rules of Civil Procedure.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that this case is hereby dismissed and closed; and that the Clerk of this Court shall not accept any additional pleadings under this Docket number.

Again, the Probate Court provided no reasoning to support its determination. As a result, we cannot discern the factual and/or legal basis as to why the case was dismissed.

In the present appeal before us, which followed the Probate Court's dismissal, both orders highlighted above are put at issue through the parties' briefing. Given the current state of these orders, we conclude that any meaningful review of the trial court's actions is not possible. Indeed, as is evident from our brief discussion of these orders, they are bereft of any explanation as to why the Probate Court reached the dispositions it did. Again, to return to the first order we highlighted above, although the Probate Court grounded its denial of the motions at issue therein upon an alleged failure to comply with the Tennessee Rules of Civil Procedure, it did not even identify any particular procedural rule, nor did it otherwise explain how Mr. Sullivan had been noncompliant.

Moreover, the attachment of Mr. Sullivan's affidavit to the Removal Motion undermines his assertion that it was, in that form, a motion for a judgment on the pleadings. Here, the Probate Court should have either excluded the affidavit or treated the Removal Motion "as one for summary judgment[.]" Tenn. R. Civ. P. 12.03. However, the Probate Court's first order fails to indicate whether the court considered the Removal Motion as one for summary judgment, or if it disregarded Mr. Sullivan's affidavit and treated it as a motion for judgment on the pleadings. As a consequence, we are unable to discern whether Mr. Sullivan's supposed noncompliance—assuming some other rule of civil procedure was not in the contemplation of the Probate Court—related to a motion under Rule 12.03 or Rule 56 of the Tennessee Rules of Civil Procedure.

This theme regarding a lack of specificity and clarity continued in the later dismissal order, with Mr. Lee even candidly remarking on appeal that the Probate Court "did not set forth in its Order of Dismissal the legal authority or reasoning for its *sua sponte* dismissal of the Amended Petition, other than that 'there is no cause of action in this case properly before the Court pursuant to the Tennessee Rules of Civil Procedure.'" Indeed, we cannot discern from the content of the order why the Probate Court decided to dismiss the case. In our view, the lack of clarity is further compounded here given that the Probate Court dismissed Mr. Sullivan's petition *sua sponte*, without any pending motion to dismiss, as the order of dismissal was entered following a hearing on Mr. Lee's motion to set the case for trial. Although trial courts can act to dismiss a case *sua sponte*, the practice is not encouraged under the law. *See, e.g.*, *Huckeby v. Spangler*, 521 S.W.2d 568, 571 (Tenn. 1975). Further, "[t]he trial court's burden . . . is much higher when dismissing a complaint

sua sponte." *Carnett v. PNC Bank, NA*, No. W2015-01677-COA-R3-CV, 2016 WL 402495, at \*6 (Tenn. Ct. App. Feb. 2, 2016). "At a minimum, the court must state the reasons for the dismissal in its order." *Justice v. Nelson*, No. E2018-02020-COA-R3-CV, 2019 WL 6716300, at \*5 (Tenn. Ct. App. Dec. 10, 2019).

Unfortunately, here, the Probate Court's order dismissing Mr. Sullivan's petition is so devoid of reasoning that we are unable to discern whether the power of dismissal was exercised appropriately. Under the circumstances discussed above, we conclude that it is necessary to vacate both of the orders mentioned and we hereby remand the case for further proceedings consistent with this Opinion.

      s/ Arnold B. Goldin
      ARNOLD B. GOLDIN, JUDGE